In the Matter of the Claim of HARRY JOSEPHSON, Appellant, against ARTHUR BEHRMAN et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.— There was substantial evidence pro and con upon the question as to whether the unwitnessed industrial accident claimant alleged ever occurred, and also as to its causal relation to injuries for which compensation was claimed. The evidence as to whether the accident happened, along with allowable inferences therefrom, was such as to present a sharp issue of fact. Claimant's credibility was thrown into sharp relief. We may not say that the Board's finding that the accident was "unproven" is against the weight of evidence, and the same consideration applies to the disputed question of causal relation. Decision affirmed, without costs. Bliss, Heffernan, Brewster and Foster, JJ., concur; Hill, P. J., dissents.

In the Matter of the Claim of RAYMOND COMSTOCK, Respondent, against C. WILLIAM GRASTORF, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was injured while bailing water from a gas well on premises owned by appellant found by the Board to be the employer. He appeals from the award on the theory that claimant was an independent contractor. The evidence sustains the award. Award affirmed, with costs to the State Industrial Board. All concur, except Brewster, J., who dissents on the ground that the proof shows that the relationship between claimant and appellant was one of independent contractorship. Appellant stipulated a definite sum as to his payment for the work in question, reserving no power of control. Beyond that Hurlburt, the tenant, had no authority from appellant to act for him. The relationship between claimant and Hurlburt is not otherwise in issue.